IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01714-BNB

STEVEN STILLING,

    Applicant,

v.

KEVIN MILYARD, Warden, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 21 2008

GREGORY C. LANGHAM
                  CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant Steven Stilling is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Stilling initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his convictions in Denver District Court case numbers 97CR275, 97CR276, and 97CR300. On August 29, 2008, Mr. Stilling filed an amended habeas corpus application on the proper form. In an order filed on September 5, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. On September 25, 2008, Respondents filed a Limited Pre-Answer Response. On October 7, 2008, Mr. Stilling filed a traverse to the Limited Pre-Answer Response.

The Court must construe the amended application and other papers filed by Mr. Stilling liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the amended application in part.

Mr. Stilling was convicted following a jury trial of six counts of aggravated robbery, five counts of second degree kidnaping, and twelve habitual criminal counts. He was sentenced to life in prison with the possibility of parole. Mr. Stilling filed a direct appeal and the Colorado Court of Appeals affirmed the judgment of conviction. *See People v. Stilling*, No. 98CA0940 (Colo. Ct. App. Feb. 3, 2000) ("*Stilling I*"). On August 21, 2000, the Colorado Supreme Court denied Mr. Stilling's petition for writ of certiorari on direct appeal.

Mr. Stilling also has filed a number of state court postconviction motions relevant to the convictions he is challenging in this action. The procedural history of these postconviction motions is somewhat tortured. Mr. Stilling filed his first postconviction motion in October 2000 raising claims of ineffective assistance of counsel and excessive restitution. The trial court denied the ineffective assistance of counsel claims in December 2000 but determined that additional proceedings were necessary regarding the restitution claim. It appears that the restitution issue was finally decided in the trial court in September 2001. In October 2001, Mr. Stilling filed a series of motions in the trial court, including a motion to amend the October 2000 postconviction

motion. Before the October 2001 motions were resolved, Mr. Stilling filed a notice of appeal from the September 2001 order. Thereafter, in December 2001, the trial court denied the motions filed by Mr. Stilling in October 2001. On February 26, 2004, the Colorado Court of Appeals dismissed the appeal with respect to the trial court's December 2001 order, affirmed other orders, and remanded the case to the trial court to address Mr. Stilling's remaining claims regarding excessive restitution. *See People v. Stilling*, No. 01CA2041 (Colo. Ct. App. Feb. 26, 2004) ("*Stilling II*"). The state court of appeals specifically determined that the trial court's December 2001 order was void because the trial court lacked jurisdiction to enter it. On June 21, 2004, the Colorado Supreme Court denied Mr. Stilling's petition for writ of certiorari from the decision in *Stilling II*.

Mr. Stilling filed another postconviction motion in the trial court on February 28, 2005. In April 2005, the trial court denied the motion as time-barred as to every issue except restitution and reinstated the December 2001 order. Mr. Stilling appealed that order and the Colorado Court of Appeals affirmed in part, reversed in part, and remanded the case with directions. *See People v. Stilling*, No. 05CA1222 (Colo. Ct. App. July 26, 2007) ("*Stilling III*"). The state court of appeals reversed the trial court's ruling denying Mr. Stilling's claims as time-barred, addressed and denied on the merits all of Mr. Stilling's claims, except that it remanded the case for an evidentiary hearing regarding Mr. Stilling's claim that his seized vehicle had not been returned as ordered. On January 15, 2008, the Colorado Supreme Court denied Mr. Stilling's petition for writ of certiorari from the decision in *Stilling III*.

The Court received the instant action for filing on August 4, 2008. In the amended application filed on August 29, Mr. Stilling asserts two numbered claims for relief, although each claim includes sub-parts. Mr. Stilling alleges in his first claim, which is asserted as an ineffective assistance of counsel claim, that: (a) counsel failed to voir dire the jurors as to whether they were influenced or became biased after the trial court advised them that Mr. Stilling was in custody; (b) counsel failed to seek a cautionary instruction regarding the trial court's comment that Mr. Stilling was in custody: and (c) a juror was empaneled who lied about her bias and involvement in a relationship with a law enforcement officer and who also had ex parte communications with the trial court. Mr. Stilling does not allege how counsel was ineffective with respect to sub-part (c) of his first claim. He may be asserting that trial counsel was ineffective by allowing the allegedly biased juror to be empaneled. That is how Respondents characterized sub-part (c) of Mr. Stilling's first claim in their Limited Pre-Answer Response and Mr. Stilling did not correct any possible mischaracterization of that claim in his traverse to the Limited Pre-Answer Response. Therefore, the Court also will construe sub-part (c) of Mr. Stilling's first claim as a claim that trial counsel was ineffective by allowing an allegedly biased juror to be empaneled.

Mr. Stilling's second claim for relief relates to the restitution issue and how that issue was addressed and resolved in the state court postconviction proceedings. Mr. Stilling alleges that postconviction counsel was ineffective and abandoned him by moving to withdraw prior to a September 2001 hearing and that the trial court erred by granting postconviction counsel's motion to withdraw and denying Mr. Stilling's motion for a continuance to prepare for the September 2001 hearing.

4

Before addressing the affirmative defenses raised by Respondents in their Limited Pre-Answer Response, the Court will address Mr. Stilling's second claim for relief. The Court finds that the second claim in the amended application must be dismissed because the facts Mr. Stilling alleges in support of that claim do not state a cognizable federal constitutional claim. There is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Therefore, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." ***Sellers v. Ward***, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding").

Mr. Stilling alleges in his second claim for relief that postconviction counsel was ineffective and abandoned him and that the trial court erroneously allowed postconviction counsel to withdraw and denied Mr. Stilling a continuance with respect to a postconviction hearing. These allegations relate solely to state court postconviction proceedings and do not challenge the judgment of conviction that provides the basis for Mr. Stilling's incarceration. Therefore, Mr. Stilling may not raise the second claim for relief in this habeas corpus action.

Respondents first argue in the Limited Pre-Answer Response that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides:

5

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Stilling's conviction became final when the time for seeking review in the United States Supreme Court on direct appeal expired because he does not allege that he sought review in the United States Supreme Court. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). Pursuant to Rule 13 of the Rules of the Supreme Court of the United States, Mr. Stilling had ninety days to seek review in the United States

6

Supreme Court after the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal on August 21, 2000. Therefore, the Court finds that the judgment of conviction became final on November 20, 2000.[1]

The Court also finds that the one-year limitation period began to run on November 20, 2000, because Mr. Stilling does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his federal constitutional claims at the time his conviction became final. However, as noted above, Mr. Stilling filed his first state court postconviction motion in October 2000, before his conviction became final in November 2000. Therefore, pursuant to § 2244(d)(2), the one-year limitation period was tolled from the onset until no properly filed postconviction motion was pending in state court.

Respondents argue that this action is time-barred based on two periods of time during which they contend no state court postconviction motion was pending. These two time periods, according to Respondents, are the 253 days from June 21, 2004, when the Colorado Supreme Court denied Mr. Stilling's petition for writ of certiorari following *Stilling II*, to February 25, 2005, when Mr. Stilling filed his next postconviction motion,[2] and the 159 days from March 24, 2008, when the Colorado Supreme Court

---

[1] Respondents correctly note that the ninetieth day after August 21, 2000, was Sunday, November 19, 2000. Therefore, the time for filing a petition for writ of certiorari in the United States Supreme Court extended until November 20, 2000.

[2] According to the Court's calculations, the actual number of days between June 21, 2004, and February 25, 2005, is 251.

7

denied Mr. Stilling's petition for writ of certiorari following *Stilling III*, to August 29, 2008, when Respondent alleges Mr. Stilling filed the instant action.[3] [4]

Although the time periods identified by Respondents collectively exceed one year, I do not agree that the time period from June 21, 2004, to February 25, 2005, counts against the one-year limitation period. According to the Colorado Court of Appeals in *Stilling III*, Mr. Stilling's postconviction motions filed in October 2001 still were pending when Mr. Stilling filed the February 2005 postconviction motion because the trial court lacked jurisdiction to deny those motions in December 2001. Therefore, because a properly filed motion or motions for postconviction review were pending in state court for the entire time from October 2000 until March 2008, the only time that counts against the one-year limitation period is the time after March 24, 2008, when the Colorado Supreme Court denied Mr. Stilling's final petition for writ of certiorari. The instant action, which was filed less than a year later on August 4, 2008, is timely.

Respondents also argue that Mr. Stilling has failed to exhaust state court remedies for sub-part (c) of his first claim for relief. Respondents concede that sub-parts (a) and (b) to Mr. Stilling's first claim for relief are exhausted.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's

---

[3] According to the Court's calculations, the actual number of days between March 24 and August 29, 2008, is 157.

[4] As noted above, the Court received the instant action for filing on August 4, 2008. Therefore, this action is deemed filed on that date. Mr. Stilling filed his amended application on August 29, 2008.

8

rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents maintain that sub-part (c) of Mr. Stilling's first claim for relief is not exhausted because Mr. Stilling did not raise on direct appeal or in any of the

postconviction proceedings a claim that counsel was ineffective by allowing an allegedly biased juror to be empaneled. The Court agrees. Based on the Court's review of the appellate briefs provided by Respondents with their Limited Pre-Answer Response, the Court finds that Mr. Stilling did argue in a postconviction motion that a juror was empaneled who lied about her bias and involvement in a relationship with a law enforcement officer and who also had ex parte communications with the trial court. However, Mr. Stilling did not argue either on direct appeal or in any postconviction proceedings that counsel was ineffective by allowing the allegedly biased juror to be empaneled. Mr. Stilling cannot exhaust state court remedies by presenting to the state courts a different claim than he raises in federal court. *See Picard*, 404 U.S. at 276. "[T]he doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). Because Mr. Stilling did not raise sub-part (c) of his first claim in state court as an ineffective assistance of counsel claim, that claim is not exhausted.

Although Mr. Stilling failed to exhaust state remedies for sub-part (c) of his first claim for relief, the Court may not dismiss that claim for failure to exhaust state remedies if Mr. Stilling no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions that are not applicable to the claim Mr. Stilling failed to exhaust. *See* Colo. R. Crim. P. 35(c)(3)(VI). Furthermore, it appears that any further efforts by Mr. Stilling to raise sub-part (c) of his

first claim in state court would be time-barred. *See* Colo. Rev. Stat. § 16-5-402. Therefore, sub-part (c) of Mr. Stilling's first claim is procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Stilling's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Stilling fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider sub-part (c) of his first claim will result in a fundamental miscarriage of justice. Therefore, the Court finds that sub-part (c) of Mr. Stilling's first claim is procedurally barred and must be dismissed.

In summary, the Court will dismiss Mr. Stilling's second claim for relief because it does not raise a federal constitutional issue. The Court will dismiss sub-part (c) of Mr. Stilling's first claim for relief as procedurally barred. The Court finds that sub-parts (a) and (b) of Mr. Stilling's first claim are timely and exhausted. Therefore, upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the case will be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that sub-part (c) of Applicant's first claim for relief and his second claim for relief are dismissed for the reasons stated in this order. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 30 day of Oct., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-01714-BNB

Steven Stilling
Prisoner No. 96689
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/21/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk