IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-01714-WYD

STEVEN STILLING,

    Applicant,

v.

KEVIN MILYARD, Warden, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

    Applicant Steven Stilling, a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado, initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 29, 2008, Mr. Stilling filed an amended application for a writ of habeas corpus pursuant to § 2254 on the proper form. Mr. Stilling is challenging the validity of his convictions in three cases in the Denver District Court. The relevant Denver District Court case numbers for Mr. Stilling's cases are 97CR275, 97CR276, and 97CR300.

    During the Court's initial review of this habeas corpus action, Senior Judge Zita L. Weinshienk entered an order on October 21, 2008, dismissing the amended application in part and directing that the case be drawn to a district judge. The case was drawn to me.

    On October 28, 2008, I directed Respondents to file an answer to the amended

habeas corpus application. On December 10, 2008, Respondents' Answer was filed in this action. On January 6, 2009, Mr. Stilling filed a traverse to Respondents' Answer. On June 25, 2009, I ordered Respondents to provide the state court record of Mr. Stilling's criminal cases. The state court record was submitted to the Court on July 20, 2009. On July 28, 2009, Mr. Stilling filed a motion asking to be allowed to review either the entire state court record or an accurate index of the state court record. That motion will be denied.

I must construe the amended application and other papers filed by Mr. Stilling liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. After reviewing the entire file and the state court record, I find that an evidentiary hearing is not necessary. For the reasons stated below, Mr. Stilling's remaining claims and the action will be dismissed.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Mr. Stilling was convicted by a jury of six counts of aggravated robbery, five counts of second degree kidnaping, and twelve habitual criminal counts. He was sentenced to life in prison with the possibility of parole. On direct appeal, the Colorado Court of Appeals affirmed the judgment of conviction. *See People v. Stilling*, No. 98CA0940 (Colo. Ct. App. Feb. 3, 2000) ("*Stilling I*"). Mr. Stilling also filed a number of postconviction motions in state court challenging the validity of his convictions and sentence. I need not discuss all of the various postconviction proceedings in detail because the Colorado Court of Appeals' order entered on February 26, 2004, is the only

postconviction order relevant to Mr. Stilling's remaining claims.  *See People v. Stilling*, No. 01CA2041 (Colo. Ct. App. Feb. 26, 2004) ("*Stilling II*").

Mr. Stilling assert two claims for relief in the amended application and each claim includes sub-parts.  He alleges in his first claim, an ineffective assistance of counsel claim, that: (a) counsel failed to *voir dire* the jurors as to whether they were influenced or became biased after the trial court advised them that Mr. Stilling was in custody; (b) counsel failed to seek a cautionary instruction regarding the trial court's comment that Mr. Stilling was in custody; and (c) counsel allowed a juror to be empaneled who lied about her bias and involvement in a relationship with a law enforcement officer and who also had *ex parte* communications with the trial court.  Mr. Stilling's second claim relates to the manner in which his claims regarding restitution were addressed and resolved in the state court postconviction proceedings.

In her October 21, 2008, order, Senior Judge Weinshienk dismissed sub-part (c) of the ineffective assistance of counsel claim as procedurally barred and she dismissed Mr. Stilling's entire second claim for relief because that claim does not raise a federal constitutional issue.  Therefore, the only claims before me are sub-parts (a) and (b) of the ineffective assistance of counsel claim.

## II.  STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question pursuant to § 2254(d)(1) is whether Mr. Stilling seeks to apply a rule of law that was clearly established by the Supreme Court at the time his state court convictions became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id.* at 412. Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).

If there is no clearly established federal law, that is the end of my inquiry pursuant to § 2254(d)(1). *See id.* at 1018. If a clearly established rule of federal law is implicated, I must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are

> materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id.* at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House*, 527 F.3d at 1018.

My inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id.* at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Id.*

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Section 2254(d)(2) allows me to grant a writ of habeas corpus only if the state court decision was based on

an unreasonable determination of the facts in light of the evidence presented. Pursuant to § 2254(e)(1), I must presume that the state court's factual determinations are correct and Mr. Stilling bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

Finally, I "owe deference to the state court's *result*, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, I "must uphold the state court's summary decision unless [my] independent review of the record and pertinent federal law persuades [me] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 1178. "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims." *Id.*

## III.  MERITS OF THE CLAIMS

As noted above, only sub-parts (a) and (b) of Mr. Stilling's ineffective assistance of counsel claim remain in this action. Mr. Stilling specifically alleges that trial counsel was ineffective because (a) counsel failed to *voir dire* the jurors as to whether they were influenced or became biased after the trial court advised them that Mr. Stilling was in custody; and (b) counsel failed to seek a cautionary instruction regarding the trial court's comment that Mr. Stilling was in custody. Because these two claims are related, they will be addressed together.

It was clearly established when Mr. Stilling was convicted that a defendant has a

right to effective assistance of counsel.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  To establish that counsel was ineffective, Mr. Stilling must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to his defense.  *See id*. at 687.  "Judicial scrutiny of counsel's performance must be highly deferential."  *Id*. at 689.  There is a "strong presumption" that counsel's performance falls within the range of "reasonable professional assistance."  *Id*.  It is the defendant's burden to overcome this presumption by showing that the alleged errors were not sound strategy under the circumstances.  *See id*.  Under the prejudice prong, Mr. Stilling must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*

If Mr. Stilling fails to satisfy either prong of the *Strickland* test, the ineffective assistance of counsel claim must be dismissed.  *See id.* at 697.  Finally, ineffective assistance of counsel claims are mixed questions of law and fact.  *See id*. at 698.

Mr. Stilling appeared in court during his trial in civilian clothes even though he was in custody at the time.  During *voir dire*, the trial court made the following comments to the jury panel:

> I guess another thing I would mention, is Mr. Stilling, the <u>defendant, is in custody</u> [because] he's not made a bond. For that reason, you'll see a sheriff present here at all times. It's my impression that in order to give him the most mobility and ability to participate here, he will not be cuffed.  If you're coming down the hall, you may see the sheriffs escorting persons in custody wearing green uniforms and in handcuffs. They may, on the other hand, have some other kind of leg brace, so I want to advise you of that, first of all.

> These are logistics here; next, <u>that is not any statement of whether anybody here, from at least the Court or staff or sheriff's perspective, believes that there is any guilt or innocence</u>. That which the jury will decide will come from the information you get from the witness stand, from the evidence, but do be aware that <u>this is a security issue and I don't have a sheriff here because I've said that he must be guilty</u>.

*Stilling I*, slip op. at 6 (emphasis in original). Counsel objected to these comments and moved for a mistrial, which was treated as a motion to strike the jury panel.

> In denying defendant's motion, the court stated: "[o]nce we request that the defendant be brought after most of the jurors are here and he is not obviously present, when he comes escorted in by the sheriff . . . then I think most people would recognize that this is a person in custody."

*Id.*

On direct appeal, Mr. Stilling claimed that he was prejudiced and denied a fair trial by the trial court's comment that he was in custody. The Colorado Court of Appeals rejected this claim for the following reasons:

> While we agree that it was inappropriate for the court to call attention to defendant's being in custody and to the presence of the deputy sheriff, nevertheless, the court did explain to the jury that this was not to be interpreted as bearing on defendant's guilt or innocence and that the jury would have to decide the case solely on the basis of the evidence presented to it.
>
> Significantly, defense counsel did not question the prospective jurors regarding whether the trial court's comments had in any way colored their impression as to defendant's guilt or innocence, or affected their ability to render a verdict based solely on the evidence. Nor did defendant seek a follow-up instruction.
>
> Defendant has failed to show that any actual prejudice resulted from the trial court's comments. See People v. Conley, 804 P.2d 240 (Colo. App. 1990) (because

> defendant has pointed to no specific prejudice, and an examination of the record discloses none, absent a showing of prejudice, error may not be predicated on such ruling).
>
> We therefore perceive no basis for reversal as a result of the court's comments.

*Stilling 1*, slip op. at 7.

Mr. Stilling's claims that counsel was ineffective by failing to question the prospective jurors about the trial court's comment and by failing to seek a follow-up instruction derive from the state court's opinion in his direct appeal, which relied, in part, on counsel's inaction in concluding that there was no prejudice.

In the state court postconviction proceedings, the Colorado Court of Appeals applied the proper standards from *Strickland* and determined that Mr. Stilling failed to demonstrate either that counsel was ineffective or that he suffered any prejudice. The state court specifically reasoned as follows:

> First, as the Crim. P. 35(c) court held, defense counsel's decision not to reemphasize the trial court's comments by voir dire questions or a curative instruction was well within his discretionary trial strategy. Therefore, defendant failed to demonstrate that his counsel's actions were deficient. Second, the prior division [on direct appeal] held that the trial court's sua sponte instructions to the jury panel were sufficiently curative and no prejudice resulted from the court's comment.
>
> The Crim. P. 35(c) court found that even if trial counsel's conduct were deficient, it was not prejudicial as a matter of law because there was not a reasonable possibility that the strategy urged by defendant would have led to a different trial outcome. We agree with that conclusion. Further, contrary to defendant's contention, the Crim. P. 35(c) court could reasonably reach this conclusion even though a different judge presided over defendant's trial. Therefore, defendant also failed to demonstrate that he was prejudiced by his counsel's actions.

*Stilling II*, slip op. at 7.

Based on my review of the state court record, I cannot conclude that the decision of the Colorado Court of Appeals in *Stilling II* rejecting Mr. Stilling's ineffective assistance of counsel claims was contrary to or an unreasonable application of either prong of the *Strickland* test. The trial court's comment that Mr. Stilling was in custody was an isolated comment in the middle of the jury selection process and any possible negative impact stemming from that comment was tempered by the trial court's further explanation that Mr. Stilling's custody status had no bearing on his guilt or innocence and that his guilt or innocence was to be determined based solely on the evidence presented at trial. Furthermore, the determination by the state courts that counsel's decision not to question the prospective jurors about the trial court's comment or to seek a cautionary instruction is a factual determination. *See Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007). Pursuant to § 2254(e)(1), that factual determination is presumed correct unless Mr. Stilling rebuts the presumption with clear and convincing evidence, which he has not done.

Under these circumstances, it was not unreasonable for the state courts to conclude, under the deficient performance prong of the *Strickland* test, that counsel was not ineffective because he made a strategic decision not to reemphasize the fact that Mr. Stilling was in custody when he did not question the prospective jurors about the trial court's comment or seek a cautionary instruction after his motion for a mistrial was denied. *See Tunstall v. Hopkins*, 306 F.3d 601, 608-09 (8th Cir. 2002) (finding that state court's rejection of ineffective assistance of counsel claim based on counsel's strategic decision not to voir dire the jury about newspaper article was not contrary to or

an unreasonable application of clearly established federal law).  In any event, Mr. Stilling fails to overcome the strong presumption that counsel's performance was reasonable.  *See Strickland*, 466 U.S. at 689.

The state courts' conclusion that Mr. Stilling fails to demonstrate prejudice from counsel's alleged errors also is neither contrary to nor an unreasonable application of *Strickland*.  Multiple witnesses identified Mr. Stilling at trial as the perpetrator of the crimes with which he was charged and convicted in each of his criminal cases.  Mr. Stilling makes no argument with respect to the trial court's comment that he was in custody that vitiates the effect of this eyewitness testimony and demonstrates a reasonable probability that the results at his trial would have been different if counsel had questioned the prospective jurors about the trial court's comment or sought a cautionary instruction.  *See id.* at 694.

Therefore, I find that Mr. Stilling's remaining ineffective assistance of counsel claims lack merit and must be dismissed.  Because all of Mr. Stilling's claims in this action have been addressed and he is not entitled to relief on any of those claims, the entire action will be dismissed.  Accordingly, it is

ORDERED that Applicant's motion to review the state court record filed July 28, 2009 (docket #23) is **DENIED**.  It is

FURTHER ORDERED that Applicant's remaining ineffective assistance of counsel claims are dismissed for lack of merit.  It is

FURTHER ORDERED that the amended habeas corpus application is **DENIED** and the action is **DISMISSED WITH PREJUDICE**.  It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.

Dated: October 15, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge